UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECKA LINK,

       Plaintiff,

                                                            CASE NO. 1:24-cv-104

v.

                                                            HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 10) and the Commissioner's Objections thereto (ECF No. 11). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on *de novo* reconsideration, he or she finds it justified." 12 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3070.2 (3d ed. June 2024 update). Specifically, the Rules provide that:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Magistrate Judge recommends reversing and remanding the Commissioner's decision because the ALJ failed to connect his conclusions with respect to Plaintiff's RFC to the evidence

on the record, thereby preventing meaningful appellate review. (ECF No. 10, PageID.968-972). The Court has reviewed *de novo* the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and the Commissioner's objections. After its review, the Court finds that the Magistrate Judge's Report and Recommendation is factually sound and legally supported and remands this matter for further proceedings.

In determining Plaintiff's RFC, the ALJ began by setting forth the two-step process for evaluating Plaintiff's symptoms under SSR 16-3p. (ECF No. 3-2, PageID.32). But instead of evaluating whether Plaintiff had a medically determinable impairment that could reasonably cause her alleged symptoms, or evaluating the intensity, persistence, and limiting effects of those symptoms in accordance with SSR 16-3p, the ALJ stated as follows:

> While the statements about the intensity, persistence, and limiting effects of the claimant's symptoms have been considered carefully; the record in its entirety, including the objective evidence, is inconsistent with a finding of disability.

(*Id.*) The ALJ then proceeded to summarize Plaintiff's medical records before concluding without analysis that: "The claimant did not prove that [s]he was disabled under Social Security Administration law beyond a preponderance of the evidence." (*Id.*, PageID.36).

Next, the ALJ stated the following with respect to the Medical Source Statement prepared by James Barowski, FNP-C, and J. Palamara, M.D.:

> The family nurse practitioner's opinions are vague, not supported by objective evidence, and are inconsistent with the record as a whole; they were not persuasive, though I note that the adopted residual functional capacity does address a bulk of the issues cited by the nurse practitioner (Exhibit 15F).

(ECF No. 3-2, PageID.37). As acknowledged by the Commissioner in her Objections, (ECF No. 11, PageID.975), this Medical Source Statement contained qualifying medical opinions, *see* 20 C.F.R. § 404.1513(a)(2), such as that Plaintiff's symptoms would "likely be severe enough to interfere with attention and concentration needed to perform even simple work tasks . . . 25% of

2

the time," (ECF No. 3-12, PageID.920).    The Medical Source Statement further provided that Plaintiff's impairments or treatment would cause her to be absent from work more than four days per month on average.    (*Id.*, PageID.922).

Although the Commissioner argues that Plaintiff's subjective complaints *were* contradicted by the record, and that the opinions in the Medical Source Statement *were* vague and unsupported by objective evidence, that is beside the point.   (ECF No. 11, PageID.976, 978).    The problem, as identified by the Magistrate Judge in his Report and Recommendation, lies is the disconnect between the ALJ's conclusions and his discussion of the record. In simpler terms, the ALJ failed to show his work.    The Court must be able to trace the path of the ALJ's reasoning to conduct a meaningful review on appeal.    On this record the Court cannot.

    **ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge, (ECF No. 10), is **APPROVED** and **ADOPTED** as the opinion of this Court.

2. Defendant Commissioner of Social Security's decision, (ECF No. 3-2, PageID.27-38), is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).   On remand, the Commissioner should (1) re-evaluate the opinion evidence from James Barowski, FNP-C and J. Palamara, M.D. as set forth in Exhibit 15F, and (2) re-evaluate Ms. Link's subjective complaints.

    **IT IS SO ORDERED**.

Dated:     March 20, 2024             /s/ Robert J. Jonker
                                                                 ROBERT J. JONKER
                                                                  UNITED STATES DISTRICT JUDGE